IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-82733-TLS |
| | ) | |
| SHAMROCK HOMES, INC., | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |

## ORDER

      Hearing was held in Omaha, Nebraska, on February 8, 2010, on an objection to claim filed by the Chapter 7 Trustee (Fil. #25), and a resistance filed by the claimant, Peggy Hunter & Design Concepts Unlimited, Inc. (Fil. #28). Thomas D. Stalnaker appeared as the Chapter 7 Trustee, and Janice Woolley appeared for the claimant. The parties were provided the opportunity to submit post-hearing briefs. The Chapter 7 Trustee filed a brief (Fil. #34), but the claimant did not.

      This Chapter 7 proceeding was filed on October 21, 2008. Subsequently, and within the time limit for filing claims, claimant filed claim No. 11 in the amount of $43,831.25. Attached to the claim is a listing of various invoice dates, dollar amounts, and generic descriptions.

      The Chapter 7 Trustee objected to the claim and asserted that the claim had been paid. In resistance, the claimant denied that the claim had been paid and submitted evidence indicating that a collection action had been commenced by the claimant in the District Court of Douglas County, Nebraska, on December 29, 2004, with respect to the invoices listed in the proof of claim.

      At the hearing, rather than rely on payment, the Trustee asserted for the first time that the claim was barred by the applicable statute of limitations. Since the statute of limitations issue was first raised at the hearing, the parties were given the opportunity to file post-hearing briefs. The Chapter 7 Trustee filed his brief on February 22, 2010. The claimant had until March 8, 2010, to file a response brief, but failed to do so.

      The statute of limitations in Nebraska for bringing an action upon an oral contract is four years. Neb. Rev. Stat. § 25-206. There is no written contract attached to the proof of claim, nor was any submitted into evidence. In fact, the evidence does not even contain a description of the contract or agreement between the parties. All that is provided is the proof of claim with the listing of invoice dates, amounts, and some generic descriptions of services. Since there does not appear to be a written contract, the applicable statute of limitations is four years under Neb. Rev. Stat. § 25-206.

      The Trustee asserts that all of the invoice dates listed in the proof of claim are more than four years prior to the date of the filing of the bankruptcy petition. While that may be true, the Trustee admits, and the evidence indicates, that the claimant did file suit on December 29, 2004, in the District Court of Douglas County, Nebraska, to collect the same invoices. Further, that suit was pending on the date the bankruptcy petition was filed and was stayed. Invoices totaling $9,410.00 are dated more than four years prior to the commencement of the collection suit in the District Court

of Douglas County, Nebraska, and are, therefore, barred by the statute of limitations. Since the claimant failed to submit a brief or put on any additional evidence, it is impossible to determine whether any event occurred which would have caused the tolling of the statute of limitations as to those invoices. However, the remaining invoices totaling $34,421.25 are dated within the four-year period prior to the commencement of the district court lawsuit. Thus, the claimant did commence an action within the applicable statute of limitations.

IT IS, THEREFORE, ORDERED that the Chapter 7 Trustee's objection to claim (Fil. #25) is sustained in part and denied in part, as follows:

1.   The objection to claim is sustained as to the sum of $9,410.00, which is barred by the applicable statute of limitations; and

2.   The remainder of the claim in the amount of $34,421.25 is allowed as a general unsecured claim.

DATED:  March 16, 2010.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Thomas D. Stalnaker
    Janice Woolley
    United States Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.